UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>7 MONKEYS, LLC, et al.,<br><br>Defendants. | Civil Action No. 19-8550 (JMV)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff United States of America ("Plaintiff") for Substituted Service by Publication and Mailing [ECF No. 9]. For the reasons set forth below, Plaintiff's motion for Substituted Service [ECF No. 9] is **GRANTED** in modified form.

**I.   BACKGROUND**

Plaintiff initiated this action by filing a Complaint on March 14, 2019. ECF No. 1. Plaintiff's claim arises from a promissory note allegedly executed by Defendants, which matured on January 14, 2014 and became due and payable. *See id*. Defendant Kyo Cheol Hwang ("Hwang") and Defendant A Hyon Yeom ("Yeom") allegedly each signed an unconditional guarantee on January 21, 2011 guaranteeing the loan to Defendant 7 Monkeys, LLC ("7 Monkeys, LLC"). *See id.* Since initiating this action, Plaintiff has attempted personal service on Defendants. Plaintiff argues that personal service has been unsuccessful, and now seeks leave to serve Defendants by publication pursuant to N.J. Ct. R. 4:4-5. Plaintiff proposes service by publication in The Record, a newspaper of general circulation within Bergen County, New Jersey, once a week for six consecutive weeks.

**II.     DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 4(e),

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under New Jersey law, the primary method for effectuating service is personal service. *See* N.J. Ct. R. 4:4-4(a), 4:4-5(a). New Jersey Court Rules, however, allow for substitute or constructive service when personal service cannot be effected. *See* N.J. Ct. R. 4:4-4(b), 4:4-5. "For *in personam jurisdiction*, New Jersey Court Rule 4:4-4(b) provides the methods of substitute or constructive service, such as personal service outside the state, simultaneous mailings by ordinary and certified (or registered) mail, and 'as provided by court order, consistent with due process of law.'" *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *1 (D.N.J. July 5, 2016) (citations omitted). "For *in rem* and *quasi in rem jurisdiction*, New Jersey Court Rule 4:4-5 provides the methods for personal, substitute, and constructive service, such as service by publication." *Id.* (citations omitted). "Regardless of the type of action, substitute or constructive

service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b)." *Id.* (citations omitted).

"Diligence has no fixed standard." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citing *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000)). "The diligence exercised and the alternative service requested must meet the constitutional requirements of due process." *Id.* (citation omitted). "Namely, the 'elementary and fundamental requirement of due process' is that there be 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (citations omitted). When considering due diligence, the court measures "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 48 (citations and quotations omitted). "Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citation omitted).

"Service by publication is hardly favored and is the method of service that is least likely to give notice." *M & D Assocs. v. Mandara*, 366 N.J. Super. 341, 353 (App. Div. 2004). However, "it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950).

In this case, the Court finds that Plaintiff has demonstrated due diligence in attempting to serve 7 Monkeys, LLC, Hwang, and Yeom. A review of the certification of Dennis P. Uhlmann, Jr., Esq. shows that in accordance with N.J. Ct. R. 4:4-4(a), Plaintiff sought the assistance of a process server to personally serve 7 Monkeys, LLC, Hwang, and Yeom. The process server

attempted to serve 7 Monkeys, LLC at their principal place of business as indicated in Plaintiff's records, 472 11th Street, Palisades Park, NJ 07650. ECF No. 9-1, Certification of Dennis P. Uhlmann, Jr., Esq. ("Uhlmann Cert.") ¶¶ 4, 6. In attempting to effectuate service, the process server notified Plaintiff's counsel that 7 Monkeys, LLC was no longer located at 472 11th Street, Palisades Park, NJ 07650, and its subsequent whereabouts by the current occupant were unknown. Uhlmann Cert. ¶ 6. Plaintiff's counsel also conducted a postal inquiry of 472 11th Street, Palisades Park, NJ 07650. Plaintiff's counsel received a response from the inquiry, which stated that 7 Monkeys, LLC was "[n]ot known at address given." Uhlmann Cert. ¶ 7. Additionally, Plaintiff's counsel obtained a Corporate Status Report issued on April 18, 2018 by the New Jersey Business Gateway on 7 Monkeys, LLC, which indicated that its status was revoked, with the revocation/suspension commencing on May 16, 2013. Uhlmann Cert. ¶ 13. The Status Report indicated that the main business address for 7 Monkeys, LLC was 472 11th Street, Palisades Park, NJ 07650. Uhlmann Cert. ¶ 13. The Status Report also listed 7 Monkeys, LLC's registered agent as Hwang with an address of 366 French Court, Teaneck, NJ 07666. Uhlmann Cert. ¶ 13.

A process server attempted to effectuate service on the registered agent, and named defendant, Hwang at 366 French Court, Teaneck, NJ 07666—the address indicated in the Status Report and on the unconditional guarantee. Uhlmann Cert. ¶¶ 5, 13. However, the current occupant at the address advised the process server that Defendants were unknown. Uhlmann Cert. ¶ 8. Plaintiff's counsel also conducted an in-depth internet search, which consisted of a search of public records including Motor Vehicles records, criminal history, civil judgment searches, and voter registrations, and an Accurint person's search,[1] that returned a possible current address for Hwang

---

[1] An Accurint person's search is a skip trace program provided by Lexis Nexis that searches public records and databases to locate individuals within the United States. *See* ECF No. 9-14 at p. 4, n.1. The Accurint person's search also indicated 366 French Court, Apt. 366, Teaneck, NJ 07666 as a current address for Hwang. Uhlmann Cert. ¶ 14.

at 606 Main Avenue, Passaic, NJ 07055. Uhlmann Cert. ¶¶ 10, 14. Plaintiff's counsel sent a postal inquiry to the Postmaster of Passaic, New Jersey for a forwarding address for Hwang at 606 Main Avenue, Passaic, NJ 07055. Plaintiff's counsel received a response to the postal inquiry, which indicated that Hwang was "[n]ot known at address given." Uhlmann Cert. ¶ 12. A process server also visited 606 Main Avenue, Passaic, NJ 07055 and attempted to serve Hwang; however, the process server found this address to be a business called C-Town and an employee advised that the Defendants were unknown. Uhlmann Cert. ¶ 11.

Additionally, Plaintiff's counsel conducted a Whitepages search on Hwang, which revealed a possible address of 4223 163rd Street, Flushing, NY 11358. Uhlmann Cert. ¶ 16. Plaintiff's counsel sent a postal inquiry to the Postmaster of Flushing, New York for a possible forwarding address for Hwang at 4223 163rd Street, Flushing, NY 11358. Plaintiff's counsel received a response to the postal inquiry, which indicated that Hwang was "[n]ot known at address given." Uhlmann Cert. ¶ 18. A process server also visited 4223 163rd Street, Flushing, NY 11358 and attempted to serve Hwang; however, the process server found this address to be a 2-family dwelling and a tenant in each apartment advised that Defendants were unknown. Uhlmann Cert. ¶ 17.

With respect to Yeom, a process server attempted to effectuate service on him at 366 French Court, Teaneck, NJ 07666—the address listed on the unconditional guarantee for Yeom. Uhlmann Cert. ¶ 5. However, the current occupant at the address advised the process server that Defendants were unknown. Uhlmann Cert. ¶ 8. Plaintiff's counsel also conducted an in-depth internet search on Yeom, which consisted of a search of public records including Motor Vehicle records, criminal history, civil judgment search, and voter registration, and an Accurint person's

5

search,[2] that indicated a possible current address for Yeom of 606 Main Avenue, Passaic, NJ 07055. Uhlmann Cert. ¶¶ 10, 15. Plaintiff's counsel sent a postal inquiry to the Postmaster of Passaic, New Jersey for a possible forwarding address for Yeom at 606 Main Avenue, Passaic, NJ 07055. Plaintiff's counsel received a response to the postal inquiry, which indicated that Yeom was "[n]ot known at address given." Uhlmann Cert. ¶ 12. A process server also visited 606 Main Avenue, Passaic, NJ 07055 and attempted to serve Yeom; however, as stated *supra*, the process server found this address to be a business called C-Town and an employee advised that the Defendants were unknown. Uhlmann Cert. ¶ 11.

Additionally, Plaintiff's counsel sent a postal inquiry to the Postmaster of Flushing, NY for a possible forwarding address for Yeom at 4223 163rd Street, Flushing, NY 11358.[3] Plaintiff's counsel received a response to the postal inquiry, which indicated that Yeom was "[n]ot known at address given." Uhlmann Cert. ¶ 18. A process server also visited 4223 163rd Street, Flushing, NY 11358 and attempted to serve Yeom; however, as stated *supra*, the process server found this address to be a 2-family dwelling and a tenant in each apartment advised that Defendants were unknown. Uhlmann Cert. ¶ 17.

In light of the foregoing, the Court will allow Plaintiff to effectuate service upon the Defendants through publication. The Court is satisfied that Plaintiff has exhausted all reasonable options for personal service on Defendants and that service by publication remains the only option despite its slim chances of reaching the Defendants. While Plaintiff may not have taken every conceivable action to effectuate service upon the Defendants, it is clear to the Court that Plaintiff

---

[2] The Accurint person's search also indicated 366 French Court, Apt. 366, Teaneck, NJ 07666 as a current address for Yeom. Uhlmann Cert. ¶ 15.

[3] Plaintiff's counsel also did a Whitepages search on Yeom, but it returned no results. Uhlmann Cert. ¶ 16.

investigated and followed up on information it possessed, or could have reasonably obtained, and has met the constitutional requirements of due process. *See Modan*, 327 N.J. Super. at 48-49. Accordingly, the Court will permit Plaintiff to effectuate service upon Defendants by publication; however, the Court wants to ensure that notice is reasonably calculated under these circumstances to provide notice to Defendants and to afford them an opportunity to be heard. Thus, the Court will modify Plaintiff's request in one respect. The Court will also require that Plaintiff publish consecutive notice in a newspaper of general circulation within Flushing, New York once a week for six weeks as one of the last known addresses of Hwang was in Flushing, New York.

Finally, while Plaintiff has not formally moved for the enlargement of the time to serve Defendants, the Court finds that good cause exists to provide Plaintiff with such an enlargement of time. Pursuant to the Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

To determine whether to extend the time to effectuate service, the Court makes a two-step inquiry. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). First, the Court "determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted." *Id.* (citations omitted). However, "[i]f good cause does not exist, the district court must consider whether to grant a discretionary extension of time . . . . In determining whether good cause exists, a court's 'primary focus is on the plaintiff's reasons for not complying with the time limit in the first place.'" *Id.* (citations omitted). "The good cause prong requires that 'a plaintiff demonstrate good faith and some reasonable basis for noncompliance with the time

7

specified in the rules.'" *H.D. Smith, LLC*, 2016 WL 3606785, at *3 (D.N.J. July 5, 2016) (citations omitted). "Thus, when determining whether or not good cause exists, the Court should assess, among other things, 'the reasonableness of plaintiff's efforts to serve,' and 'whether the plaintiff moved for an enlargement of time to serve.'" *Id.* (citations omitted).

In this case, the Court finds that good cause exists to enlarge the time to serve Defendants. Plaintiff has already demonstrated due diligence in its attempts to serve Defendants, and has been unable to serve them, not through any fault or lack of effort on Plaintiff's part. In light of these circumstances, Plaintiff has acted reasonably. Accordingly, Plaintiff shall have until **August 21, 2020** to serve Defendants.

### III.   CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this **22nd** day of **June, 2020**,

**ORDERED** that Plaintiff's motion for Substituted Service by Publication and Mailing [Dkt. No. 9] is **GRANTED**; and it is further

**ORDERED** that Plaintiff will be permitted until **August 21, 2020** to effectuate service by publication on Defendants; and it is further

**ORDERED** that Plaintiff shall publish the notice in The Record once per week, for six consecutive weeks; and it is further

**ORDERED** that Plaintiff shall publish notice in a newspaper of general circulation within Flushing, New York once per week, for six consecutive weeks; and it is further

**ORDERED** that Plaintiff shall mail, via regular and certified mail, a copy of the Summons and Complaint to Defendants at their last known addresses; and it is further

**ORDERED** that the foregoing shall constitute good and effective service of process in this matter; and it is further

**ORDERED** that Plaintiff will file proof of service, in certification form or otherwise, upon completion of service pursuant to the provisions set forth above, and shall attach the published notices and proof of mailings to any such certification.

<u>   s/ James B. Clark, III</u>
**JAMES B. CLARK, III**
**United States Magistrate Judge**